(156 App. Div. 43.)

### QUINN v. SUPREME COUNCIL, CATHOLIC BENEV. LEGION.

(Supreme Court, Appellate Division, Second Department. March 28, 1913.)

1. JUDGMENT (§ 585*)—CONCLUSIVENESS—RES JUDICATA.

Plaintiff's husband having been a member of defendant benefit association, and plaintiff having buried a man supposed to be her husband, she brought suit in 1901 to recover death benefits, alleging her husband's death to have occurred on July 27, 1899. Defendant denied the husband's death on the day specified, and judgment was rendered after trial in favor of defendant, which was never appealed from or modified. No premiums were paid after July, 1899, but on August 6, 1909, plaintiff instituted a new suit on the certificate, alleging her husband's death on July 27, 1899, as before. *Held,* that the former judgment was res judicata, and a bar to the maintenance of the second action, though plaintiff selected different counsel to bring the second action, and had agreed with him that he was to have an attorney's lien for half of the amount recovered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062–1064, 1067, 1073, 1084, 1085, 1092–1095, 1132; Dec. Dig. § 585.*]

2. INSURANCE (§ 813*)—PERSONS INTERESTED IN RESULT—ATTORNEYS—LIEN.

That an attorney for plaintiff in an action on a benefit certificate had a lien for one-half of the recovery for his services did not make him a proper party plaintiff.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1994; Dec. Dig. § 813.*]

Appeal from Trial Term, Kings County.

Action by Ellen Mary Quinn against the Supreme Council, Catholic Benevolent Legion. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 142 App. Div. 909, 126 N. Y. Supp. 1143.

Argued before HIRSCHBERG, BURR, THOMAS, and RICH, JJ.

James P. Kohler, of Brooklyn, for appellant.
Edward J. Connolly, of Brooklyn, for respondent.

HIRSCHBERG, J. This action is brought to recover the sum of $2,000, with interest, on a benefit certificate issued by the defendant, a benevolent association organized under the laws of the state, which certificate was issued to the plaintiff's husband; the amount being payable to the plaintiff upon her husband's death. The certificate was issued on April 4, 1892. In the year 1893 the plaintiff buried the body of a man supposed to be her husband, but her husband thereafter appeared and was restored to membership in the defendant organization, and he was kept in good standing until July 27, 1899. On that day the plaintiff buried the body of another man as that of her husband. She filed with the defendant proofs of her husband's death and of her claim, as required by the rules and regulations of the order, and tendered payment of the premiums required by the benefit certificate, which were semimonthly; but this tender was refused by the defendant on the ground of the existence of the death claim, the payments tendered being in advance, and not pre-

miums due prior to the date of the alleged death. The defendant disputed the fact of the member's death, and an action was thereupon brought in the Supreme Court, in the year 1901, on a complaint alleging the death of the plaintiff's husband on the 27th day of July, 1899. The defendant interposed an answer admitting that on the 27th day of July, 1899, the plaintiff's husband was a member of the association in good standing, with all dues and assessments paid up at that time, but denied his death on the day named and its liability on the death certificate. The case was duly tried, and resulted in a judgment in favor of the defendant, entered on May 14, 1904, which judgment has never been appealed from, canceled, or modified in any way.

The plaintiff then brought this action on August 6; 1909, alleging the same cause of action as in the first suit, charging that her husband died on the 27th day of July, 1899, and demanding therefor the sum of money required to be paid by the terms of the benefit certificate. On the trial the court submitted to the jury for determination two questions, which appear to have been wholly undisputed, namely, the offer of the plaintiff to pay the two assessments hereinbefore referred to, and the refusal of the defendant to accept the same, and upon the rendition of a verdict by the jury in accordance with the facts in relation thereto directed the entry of judgment dismissing the complaint, with costs.

[1] I am unable to see any ground for interference with the result. The former adjudication is clearly a bar to the maintenance of the present action. It is urged on behalf of the appellant that such judgment is not a bar, because she selected a different counsel to bring the second suit, and she appears to have made an agreement with him by which he is to have an attorney's lien for one-half of the amount which may be recovered. In its answer, the defendant asserted as a separate defense that said attorney was interested in the claim and should be made a party plaintiff; but that defense was withdrawn upon the trial without objection.

[2] In any event, the agreement for the compensation of the attorney would not make him a necessary or proper party plaintiff; and the former adjudication, being between the same parties, is necessarily binding and conclusive. There is no pretense that the benfit certificate has been kept alive by the payment of the half-monthly premiums required to be paid since July, 1899, and the plaintiff can therefore have no standing to maintain the present action, on the assumption that her husband may be presumed to have died since 1899, by reason of the lapse of time since.

It follows that the judgment should be affirmed, with costs. All concur.